People v Santiago (2025 NY Slip Op 05642)

People v Santiago

2025 NY Slip Op 05642

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Ind. No. 71159/21|Appeal No. 4930|Case No. 2023-01876|

[*1]The People of the State of New York, Respondent,
v
Elijah Santiago, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Alexandra Ricks of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Dineen Riviezzo, J.), rendered March 3, 2023, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree and robbery in the second degree, and sentencing him to a prison term of 3 ½ year followed by 5 years of post-release supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant validly waived his right to appeal under the "totality of the circumstances" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Although neither the oral colloquy nor the written waiver advised defendant of his right to counsel on appeal, the court "did not imply that by waiving appeal, defendant would forfeit his right to appellate counsel for claims that survived the waiver" (People v Yizar, 240 AD3d 416, 416 [1st Dept 2025]; see People v Wood, 239 AD3d 484, 484 [1st Dept 2025]; People v Diallo, 232 AD3d 427, 427 [1st Dept 2024], lv denied 43 NY3d 930 [2025]). This valid waiver in turn forecloses review of defendant's excessive sentencing claim (see People v Hunt, 225 AD3d 501, 501 [1st Dept 2024], lv denied 42 NY3d 927 [2024]). In any event, we perceive no basis for reducing the sentence. Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025